1
2
3
4
5
6
7
8    **IN THE UNITED STATES DISTRICT COURT**
9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   DOUGLAS L. HOPPER,                           No.  2:20-CV-1802-KJM-DMC-P

12            Plaintiff,

13       v.                                        ORDER

14   GAVIN NEWSOM, et al.,

15            Defendants.

16

17        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint.  See ECF No.

19   13.

20        The Court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

27   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

28   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S FIRST AMENDED COMPLAINT

In a significant expansion of the list of eight defendants named in the original complaint not contemplated when the Court granted leave to amend, Plaintiff now names the following 52 defendants: (1) Gavin Newsom, the Governor of the State of California; (2) the California Department of Corrections and Rehabilitation (CDCR); (3) Ralph Diaz, the former Secretary of the CDCR; (4) Kathleen Allison, the current Secretary of the CDCR; (5) Brian Kibler, the Warden of High Desert State Prison (HDSP); (6) James Pickett, the current Chief Deputy Warden of HDSP; (7) T. Thompson, the former Chief Deputy Warden of HDSP; (8) K. Thornton, a current Associate Warden at HDSP; (9) R. Peery, a current Associate Warden at HDSP; (10) A. Lane, a current Associate Warden at HDSP; (11) M. Knedler, a former Facility Captain at HDSP; (12) D. Espinoza, a former Correctional Counselor at HDSP (13) W. Hicks, a current Correctional Lieutenant at HDSP; (14) Gonzales, a former Correctional Counselor at HDSP; (15) K. Holmes, a current Correctional Lieutenant at HDSP; (16) Colby, a current Correctional Sergeant at HDSP; (17) R. Sylva, a current Correctional Sergeant at HDSP; (18) Macovichuk, a current Correctional Officer at HDSP; (19) Brown, a current Correctional Officer at HDSP; (20) Rivett, a current Correctional Officer at HDSP; (21) Streetman, a current Correctional Officer at HDSP; (22) G. Gonzalez, a current Correctional Officer at HDSP; (23) C. Rodriguez, a current Correctional Officer at HDSP; (24) Agular, a current Correctional Officer at HDSP; (25) Buchanan, a current Correctional Officer at HDSP; (26) Vigil, a current Correctional Officer at HDSP; (27) Montono; a current Correctional Officer at HDSP; (28) Zepeda, a current Correctional Officer at HDSP; (29) Cunningham, a current Correctional Officer at HDSP; (30)

Maxwell, a current Principal at HDSP; (31) T. Lee, a current Vice Principal at HDSP; (32) C. Jenkins, a current Senior Librarian at HDSP; (33) K. Kishbaugh, a current Library Technical Assistant at HDSP; (34) G. Gates, a current Reviewer for the California Health Care Correspondence Appeals Branch; (35) M. Robles, a current Correctional Officer at HDSP; (36) Hall, a current Correctional Officer at HDSP; (37) Uribe, a current Correctional Officer at HDSP; (38) F. Gonzalez, a current Correctional Officer at HDSP; (39) E. Woltjen, a current Manager of Health Care Services at HDSP; (40) Kevin Rueter, the current Chief Medical Executive at HDSP; (41) Steve Porter, a current Pharmacist at HDSP; (42) Linda Hardy, a current Pharmacist at HDSP; (43) R. Gray, the current Chief Surgeon at HDSP; (44) Grant Holloway, a current Dentist at HDSP; (45) Early Gard, a current Dentist at HDSP; (46) Tamera Taber, a current Primary Care Provider at HDSP; (47) Sheri Fletcher, a current Registered Nurse at HDSP; (48) Bonnie Johnson, a current Office Technician at HDSP; (49) Olena Lewis, a current Licensed Vocational Nurse at HDSP; (50) Dana Avila, a current Registered Nurse at HDSP; (51) Diana Nollette, a current Registered Nurse at HDSP; and (52) N. Albonico, a current Facility Captain at HDSP. See ECF No. 13, pgs. 3-11.  All defendants are sued in their individual and official capacities. See id. at 11.

Plaintiff alleges generally that he is a 61-year-old "high risk medical inmate." Id. at 12.  Plaintiff states the action concerns "multiple injuries that stem from long-term pain and suffering due to the lack of emergency medical and dental treatment as well as denial and/or delays in his prescribed medication. . . ."  Id.  Plaintiff claims that he was continually denied access to visual aid devices and assistance in the preparation of legal documents for the courts and disciplinary hearings, in violation of his rights under the First, Eighth, and Fourteenth Amendments.  See id.  Plaintiff also claims that Defendants' conduct has violated the terms of the remedial plan in Armstrong v. Newson.  See id.

Plaintiff's first amended complaint consists of 83 single-spaced typed pages setting forth 246 paragraphs of allegations.  See generally id.  Throughout the first amended complaint, Plaintiff references various exhibits which are not attached.  See id. at 19 (referencing Exhibit A), 22 (referencing Exhibit B), 23 (referencing Exhibit C), 24 (referencing Exhibit D), 31

1 (referencing Exhibit E), 36 (referencing Exhibit F), 43 (referencing Exhibit G), 44 and 46

2 (referencing Exhibit H), 50 and 52 (referencing Exhibits I and J), 56 (referencing Exhibits K and

3 L), 59 (referencing Exhibit N), 61 (referencing Exhibit O), 62 (referencing Exhibit P), 64

4 (referencing Exhibit Q), 66 (referencing Exhibit R), 69 (referencing Exhibit T), 72 and 73

5 (referencing Exhibits U and V), and 78 (referencing Exhibit W).

6

7 **II.  DISCUSSION**

8 Plaintiff's first amended complaint represents a significant step backward in the

9 litigation.  Specifically, though the Court identified various cognizable claims in the original

10 complaint, Plaintiff's first amended complaint is impossible to evaluate.  Primarily, the first

11 amended complaint violates Eastern District of California Local Rule 220 regarding amended

12 pleadings.  In addition, the first amended complaint violates Federal Rule of Civil Procedure 8

13 requiring a short and plain statement of Plaintiff's claims.  Further, the first amended complaint

14 continues to name an immune defendant – the CDCR – which, in accompanying findings and

15 recommendations, the Court recommends be dismissed as a defendant to this action.

16 A.  **Violation of Local Rule 220**

17 Where, as here, leave to amend has been granted, Eastern District of California

18 Local Rule 220 requires the amended pleading to be "complete in itself."  See Local Rule 220.

19 Plaintiff's first amended complaint is not complete in itself.  In particular, as outlined above,

20 Plaintiff's first amended complaint refers to a vast number of exhibits which are not attached to

21 the pleading.  This presentation renders it impossible for the Court to evaluate Plaintiff's first

22 amended complaint.

23 The Court is permitted to refer to documents attached to and referenced in a

24 complaint in order to evaluate the sufficiency of the allegations contained therein.  See Branch v.

25 Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).  Here, though Plaintiff has referenced various exhibits

26 in the first amended complaint, the Court cannot consider them as the law permits in evaluating

27 the sufficiency of Plaintiff's allegations for the simple reason they are not attached.  Thus, to the

28 extent Plaintiff's allegations rely on such referenced documents, the Court cannot perform the

gatekeeping function mandated under the screening statute.  Plaintiff has simply put the Court in an impossible position.  On the one hand, Plaintiff has referenced various exhibits in support of his allegations.  On the other hand, Plaintiff has not attached such exhibits to allow the Court to evaluate the sufficiency of his allegations.

Plaintiff will be provided an additional opportunity to amend.  In doing so, Plaintiff should note that reference to exhibits or evidence is not required to render his allegations sufficient.  If, however, Plaintiff does reference and rely on exhibits, he must attach them so that the Court may determine whether they do or do not support the allegations Plaintiff would have them support.

**B.**   **Violation of Rule 8**

The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

Here, as indicated above, Plaintiff's complaint consists of 83 single-spaced typed pages setting forth 246 paragraphs of allegations.  Further, in an eye-popping expansion of this litigation which was not remotely contemplated when the Court granted Plaintiff leave to amend his original complaint, Plaintiff has increased the number of defendants from eight to 52. Plaintiff again has rendered it impossible for the Court to ascertain what is specifically claimed as to whom, let alone evaluate the sufficiency of his allegations.  The Court must here enforce compliance with Rule 8.

Plaintiff will be provided an opportunity to amend.  In doing so, Plaintiff must find a balance between providing the Court with a short and plain statement of his claim as to each named defendant as required under Rule 8 and thwarting that objective by reference to an excessive number and volume of attached exhibits.  Because this litigation is for Plaintiff to frame, the Court must leave to Plaintiff how to successfully accomplish this balance.  Plaintiff is

advised, however, that submission of a second amended complaint which is as lengthy as the current pleading and which attaches volumes of referenced material will be found not to have achieved this balance.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading or documents not attached thereto.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

Accordingly, IT IS HEREBY ORDERED that:

      1.     Plaintiff's first amended complaint is dismissed with leave to amend; and

      2.     Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated:  August 23, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE