1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DOUGLAS L. HOPPER,                          No.  2:20-CV-1802-KJM-DMC-P

12                  Plaintiff,

13        v.                                      <u>FINDINGS AND RECOMMENDATIONS</u>

14   GAVIN NEWSOM, et al.,

15                  Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint.  <u>See</u> ECF No.

19   13.

20          The Court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

27   means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

28   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

1    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

2    rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

3    with at least some degree of particularity overt acts by specific defendants which support the

4    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

5    impossible for the court to conduct the screening required by law when the allegations are vague

6    and conclusory.

7              Plaintiff names the California Department of Corrections and Rehabilitation as a

8    defendant to this action.  The Eleventh Amendment prohibits federal courts from hearing suits

9    brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks

10   v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition

11   extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't

12   of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th

13   Cir. 1989).  ).   A state's agency responsible for incarceration and correction of prisoners is a state

14   agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782

15   (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

16             Because it does not appear possible that the deficiency identified herein can be

17   cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of

18   the California Department of Corrections and Rehabilitation as a defendant.  See Lopez v. Smith,

19   203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

2

1    Based on the foregoing, the undersigned recommends that California Department

2    of Corrections and Rehabilitation be dismissed as a defendant to this action, with prejudice.

3    These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court.  Responses to objections shall be filed within 14 days after service of

7    objections.  Failure to file objections within the specified time may waive the right to appeal.  See

8    Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10   Dated:  August 23, 2021

11

12   DENNIS M. COTA
     UNITED STATES MAGISTRATE JUDGE

3